UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTWON JERMAN McDONALD,

           Petitioner,

-vs-                                                            Case No. 8:10-cv-544-T-33TBM

SECRETARY, DEPT. OF CORRECTIONS,

           Respondent.
_____/

## ORDER

Antwon Jerman McDonald petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent responded to the petition (Doc. 14). Although he was permitted to do so, McDonald did not file a reply.

The petition attacks McDonald's convictions for six counts of robbery, six counts of armed kidnaping, armed burglary of a dwelling, two counts of carjacking, burglary of a conveyance, and obstructing an officer without violence rendered in the Thirteenth Judicial Circuit, Hillsborough County, Florida, in state circuit case number 02-19491.

The petition is untimely pursuant to 28 U.S.C. § 2244(d). Alternatively, the claims in the petition must be denied for failure to satisfy the prerequisites of 28 U.S.C. § 2254(d) and (e).

PROCEDURAL HISTORY

On February 16, 2004, the State Attorney filed a Superseding seventeen-count Information charging McDonald with six counts of robbery, six counts of armed kidnaping, armed burglary of a dwelling, two counts of carjacking, burglary of a conveyance, and

obstructing or opposing an officer without violence. (Exh 17: Vol. 1: R 42-55).[1] The case proceeded to a jury trial before the Honorable Debra Behnke, Circuit Judge, on February 16 and 17, 2004. McDonald was represented by Assistant Public Defender Ryan Sawdy. The jury found McDonald guilty on all counts as charged. (Exh 17: Vol. 1: R 88-97). On March 23, 2004, the court sentenced McDonald to 43.9 years in prison in accordance with the sentencing guidelines. (Exh 17: Vol. 1: R 105-126).

## Direct Appeal

McDonald pursued a direct appeal. Jean Marie Henne, the Special Assistant Public Defender assigned to represent McDonald on appeal, filed an initial brief (Exhibit 1). The State filed its answer brief. (Exhibit 2). On February 18, 2005, in Case No. 2D04-1833, the Second District Court of Appeal entered a per curiam opinion affirming McDonald's convictions and sentences. (Exhibit 3). *McDonald v. State*, 896 So.2d 758 (Fla. 2d DCA 2005)(table). The mandate issued March 15, 2005. (Exhibit 4).

## Rule 3.850 Motion for Postconviction Relief

On August 24, 2005, McDonald filed a Rule 3.850 motion for postconviction relief raising six allegations of ineffective assistance of counsel. (Exhibit 5). On June 26, 2006, the state trial court summarily denied two claims of ineffective assistance of counsel. On December 21, 2006, the state trial court held an evidentiary hearing on three of the claims. (Exhibit 9). Attorney Daniel Hernandez was appointed to represent McDonald. McDonald and his trial

---

[1] Respondent filed the three-volume record on direct appeal as Respondent's Exhibit 17.

counsel, Ryan Sawdy, testified at the hearing. On February 9, 2007, the trial court denied the remaining claims of ineffective assistance of counsel. (Exhibit 10).

McDonald appealed the adverse rulings. He filed a pro se initial brief challenging the denial of all six claims. (Exhibit 11). The State filed an answer brief. (Exhibit 12). On March 12, 2008, in Case No. 2D07-1095, the state district court of appeal per curiam affirmed the denial of postconviction relief. (Exhibit 13). *McDonald v. State*, 978 So. 2d 170 (Fla. 2d DCA 2008)(table). The mandate issued April 7, 2008. (Exhibit 14).

### Motion for Extension of Time

On December 8, 2008, McDonald filed a motion for extension of time in the Florida Second District Court of Appeal in Case No. 2D07-1095, seeking an extension of time to file a federal habeas corpus petition. (Exhibit 15). The state district court of appeal denied the motion on January 8, 2009, stating the case was closed and the court was without jurisdiction to consider a "request of this kind." (Exhibit 16). McDonald then filed the present petition, raising six grounds of ineffective assistance of counsel.

### The Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by AEDPA. McDonald's judgment became final on May 21, 2005, ninety days after the appellate court entered its per curiam affirmance in his direct appeal on February 18, 2005. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." McDonald properly filed a Rule 3.850 motion for postconviction relief in the trial court on August 24, 2005, after ninety-five days of the federal limitations period had elapsed. Two hundred seventy days remained in the federal limitations period.

The Rule 3.850 motion remained pending until April 7, 2008, when the mandate issued in Case No. 2D07-1095. Although McDonald dated his present federal petition January 5, 2009, the petition was not filed in this Court until March 1, 2010, 693 days later. McDonald's petition was untimely by 788 days (95 + 693 = 788 days). McDonald has not offered any explanation for the delay in filing the petition.[2]

---

[2] On **March 25, 2010**, more than one-year after McDonald allegedly filed a petition dated January 5, 2009 in the Middle District of Florida, McDonald mailed a Notice of Inquiry

**McDonald Is not Entitled to Equitable Tolling**

Recently, the Supreme Court concluded that 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 2010 WL 2346549 (2010). However, the Court stated that a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.*(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The *Holland* Court stated the diligence required for equitable tolling purposes is "'reasonable diligence,'" *id.*,citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996), not "maximum feasible diligence," *Holland*, *supra* (citing *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)). McDonald's case does not implicate any extraordinary circumstance beyond his control that would have prevented his timely filing a federal petition had he exercised reasonable diligence. *See Helton v. Sec. for the*

---

to the Clerk of this Court. He did not serve a copy on the Respondent. The Notice of Inquiry was not signed. McDonald did not offer any explanation as to why he waited more than one year after he allegedly filed the January 5, 2009, petition to inquire about the status of the petition.

The Court has determined that McDonald's petition dated January 5, 2009, was filed and opened in the Jacksonville Division of the Middle District of Florida in 2010, because the envelope was addressed to that division, and the envelope was date stamped 2010. (The date stamp is too faint to read the month in which the petition was mailed.) The fact that the case was opened March 1, 2010, and the petition was stamped with the Jacksonville Division file stamp on March 1, 2010, demonstrates that the Court received the petition on March 1, 2010, and opened the case on that date. A search of the electronic filing system for the Middle District of Florida shows that McDonald has not filed any other 28 U.S.C. § 2254 petition for writ of habeas corpus.

There is no prison date stamp on the § 2254 petition. There is an obvious significant discrepancy between the date of signing (January 5, 2009) and the date the Jacksonville Division received McDonald's petition (March 1, 2010), and no explanation for the discrepancy has been forthcoming.

*Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction").

In the timeliness section of the petition, McDonald asserts he timely filed the petition in good faith. He adds he "is not aware of the rules of law to any of these proceedings," and he "relied on legal assistance from law clerks at his institution." See § 2254 petition, p. 14. Despite these assertions, it appears McDonald was aware of the one-year deadline as evidenced by his motion to extend time filed in the state appellate court. See Respondent's Exhibit 15. At most, it seems McDonald may have miscalculated the relevant time periods. However, ignorance of the law and reliance on inmate law clerks is not a basis for applying the equitable tolling doctrine.

Even if McDonald could satisfy the "diligence" requirement, he fails to show any extraordinary circumstances that prevented his filing a timely federal habeas petition.

## MCDONALD'S CLAIMS HAVE NO MERIT

Even if McDonald's petition was timely, the petition should be denied on the merits under the relevant standards of review.

## STANDARDS OF REVIEW

### The AEDPA Standard

McDonald's federal petition is governed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments." *Fugate v. Head,* 261 F.3d 1206, 1214 (11th Cir. 2001).

Under 28 U.S.C. § 2254(d) and (e) as amended by AEDPA, this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law--including constitutional issues--must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or unless they involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id.*; *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### DISCUSSION

### GROUND ONE

McDonald alleges his attorney was ineffective for failing to file a motion to suppress the out-of-court identification evidence of three witnesses. McDonald claims the witnesses' identification was based on what the police had told them. This claim has no merit. The state postconviction court denied this claim following an evidentiary hearing, stating:

> In ground one of his Motion, Defendant alleges ineffective assistance of counsel for failure to file a motion to suppress. Specifically, Defendant contends that counsel should have moved to suppress statements of identification by three witnesses - Mark Williams, Aundree Stevenson, and Jamal McQuay - as those statements were "based on what police said," which was unduly suggestive, and was therefore tainted evidence. Defendant alleges further that counsel's failure to seek suppression of these statements prejudiced Defendant at trial, as the statements contradicted his defense of misidentification. At the evidentiary hearing, however, counsel testified that he had investigated the possibility of filing a motion to suppress these statements, but that such would not have been a viable and fruitful option under the facts of the case and circumstances surrounding the statements. (See Transcript, December 21, 2006, pp.13-15, attached). The Court finds this testimony to be credible, and finds that counsel cannot be deemed deficient for failing to file a motion he believed to have not been viable under the facts. As such the Court finds that the Defendant warrants no relief on ground one of his Motion for Post- Conviction Relief.

Exh 10 at pp. 1-2

The state court found that trial counsel believed there was no valid basis for filing a motion to suppress the witness identifications. The state court's determination that trial counsel cannot be found ineffective for electing not to file a motion that had no chance of success constituted a reasonable application of *Strickland* to the facts of this case. Accordingly, the state court's denial of ground one was objectively reasonable and entitled to deference under the AEDPA. Ground one does not warrant habeas relief.

## GROUND TWO

McDonald faults trial counsel for failing to impeach witness Aundree Stevenson with prior inconsistent statements. Specifically, McDonald alleges that in his deposition, Stevenson testified that the perpetrator had braids, but then testified at trial that the perpetrator had dreadlocks. The state trial court properly rejected this claim, finding there was no prejudice to McDonald. The state trial court denied this claim after an evidentiary hearing, stating:

> In ground two of his Motion, Defendant alleges ineffective assistance of counsel for failure to impeach a witness. Specifically, Defendant contends that

> counsel failed to impeach witness Aundree Stevenson with his prior inconsistent statement. In his deposition, Defendant alleges, Stevenson testified that the perpetrator had braids, but then testified at trial that the perpetrator had dreadlocks. As such, Defendant argues, counsel should have impeached Stevenson with his prior inconsistent statement. At the evidentiary hearing, the evidence presented demonstrated that Defendant shaved his head prior to trial, and that he was still identified by all the witnesses. (See Transcript, December 21, 2006, pp. 11-12, 16, attached). Thus, the Court notes that Defendant's failure to impeach a witness over a statement about Defendant's hair - be it braids or dreadlocks - did not result in prejudice to the Defendant. As such, Defendant has failed to meet his burden under *Strickland*, and warrants no relief on ground two of his Motion for Post-Conviction Relief. See *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Exh 10 at p. 2.

The trial court correctly concluded that the McDonald failed to establish prejudice and therefore failed to establish ineffective assistance of counsel under *Strickland*. The state court's denial of ground two is entitled to deference under the AEDPA, and ground two does not warrant habeas relief.

## GROUND THREE

McDonald alleges that the trial counsel was ineffective for failing to object to the standard jury instruction on enhancement by a firearm and that the instruction did not comport with *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The postconviction court summarily denied ground three of the Rule 3.850 stating:

> In ground 3, Defendant claims that counsel was ineffective when counsel failed to object to the standard instruction on enhancement by a firearm when that instruction did not comport with the U.S. Supreme Court's holding in *Apprendi v. New Jersey*. Any fact (other than a past offense) that increases the penalty for a crime beyond the statutory maximum must be proven to a jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Defendant claims that the court instructed the jury that the Defendant's punishment would be greater for those crimes he committed while using, carrying, or possessing a firearm. Defendant claims this instruction violated *Apprendi* because the court never instructed the jury to find beyond a reasonable doubt that he used, carried, or possessed a firearm. Therefore, Defendant claims that because the jury

> instructions did not comport with *Apprendi*, counsel's failure to object to the instructions constituted ineffective assistance of counsel.
>
> The record refutes Defendant's claim in ground 3 because the instructions did not violate the rule from *Apprendi.* The Court instructed the jury that in order to find the Defendant guilty for crimes requiring possession of a firearm, the jury must find beyond a reasonable doubt that defendant possessed a firearm. (See Transcript at 420.) Thus, the jury instructions did not violate *Apprendi.* Although the instructions comported with the *Apprendi* instructions, the Apprendi instructions were unnecessary because Defendant's penalty did not exceed the statutory maximum. The maximum sentence for Defendant's conviction is life imprisonment. (See Scoresheet). The Court sentenced Defendant to imprisonment of 43.9 years. Thus, Defendant's penalty did not exceed the statutory maximum, so Apprendi does not apply. Accordingly, Defendant has not shown that the jury instructions violated Apprendi. Therefore, Defendant has not shown that counsel's failure to object to the instructions constituted ineffective assistance of counsel. Consequently, Defendant is not entitled to relief on ground 3.

Exh 6 at pp. 3-4.

The state court did not err in summarily denying ground three. When jury instructions are proper, failure of counsel to object to the instructions does not constitute ineffectiveness. Moreover, the court correctly concluded *Apprendi* does not apply to McDonald's case. Consequently, McDonald is not entitled to relief on ground three.

## GROUND FOUR

McDonald claims counsel was ineffective for failing to ask potential jurors whether they would give more credibility to the testimony of minors. McDonald alleges counsel should have known that minors would testify for the State. McDonald contends that, according to common knowledge, people accept minors' statements with a high degree of certainty. He also alleges that had counsel questioned potential jurors about this issue, counsel might have selected different jurors who might have reached a different verdict. The state court correctly concluded McDonald's claims were speculative and unsupported:

> Mere speculation, without support, that different jurors would have rendered different verdicts does not show ineffective assistance of counsel when the defendant claims that counsel inadequately question potential jurors. *Mansfield v. State*, 911 So. 2d 1160. 1171-72 (Fla. 2005). Defendant assumed that most people accept minors' statements with a high degree of certainty. Defendant does not support that assertion with any evidence. Rather, the Defendant merely speculated that had counsel asked the potential jurors about how they perceive minors' statements, counsel would have stricken potential jurors who expressed bias towards minors and a different verdict, by different jurors, "may have been reached." Defendant does not explain why different jurors would have reached a different verdict. *See Mansfield*, 911 So.2d at 1171-72. Thus, Defendant's speculation, without support, that different jurors would have rendered different verdicts, does not demonstrate that counsel rendered ineffective assistance by not questioning potential jurors about their views on minors' credibility. Consequently Defendant is not entitled to relief on ground 4.

Exh 6 at pp. 4-5.

The postconviction court correctly concluded that under state law, postconviction relief cannot be based on mere speculative assertions. *Jones v. State*, 845 So. 2d 55 (Fla. 2003). The same is true for allegations of ineffective assistance of counsel in federal habeas. In light of the speculative nature of the claim that questioning potential jurors on minors' credibility would enure to McDonald's benefit, it cannot be said that trial counsel's performance was deficient, or that McDonald suffered any prejudice. An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the court. *Blackledge v. Allison*, 431 U.S. 63 (1977). Moreover, McDonald has cited no authority to demonstrate that the rejection of this claim by the state court was contrary to, or an unreasonable application of federal precedent. Therefore, ground four does not warrant habeas corpus relief.

GROUND FIVE

McDonald alleges his trial attorney was ineffective for failing to object when the State elicited testimony that McDonald possessed marijuana at the time of his arrest. Following an evidentiary hearing, the state court denied ground five of McDonald's postconviction motion, stating:

> In ground five of his Motion, Defendant alleges ineffective assistance of counsel for failure to object to irrelevant testimony. Specifically, Defendant contends that counsel should have objected when the State elicited testimony that Defendant possessed marijuana at the time of his arrest, as such was irrelevant to the charged crimes. Defendant argues further that counsel's failure to object prejudiced Defendant as it had the effect of showing the jury that the Defendant had a criminal propensity and bad character. At the evidentiary hearing, counsel testified that, in light of the seventeen counts against Defendant at trial, this one comment said in passing was not a major feature of the trial and as such did not warrant an objection. (See Transcript, December 21, 2006, pp. 19-20, attached). The Court finds this testimony to be credible. The Court finds further that even if an objection had been warranted, counsel's alleged deficiency was not of such a nature as to undermine confidence in the outcome of the proceeding, as required for relief under *Strickland. See Strickland v. Washington*, 466 U.S. 668, 694 (1984). As such, Defendant has failed to meet his burden under *Strickland,* the Court finds that he warrants no relief on ground five of his Motion for Post-Conviction Relief.

Exh 10 at pp. 2-3.

The trial court correctly concluded that the McDonald failed to establish prejudice under the *Strickland* standard. The reference to the marijuana was inadvertent and the State did not dwell upon the issue at trial. In light of the substantial competent evidence establishing McDonald's guilt on six counts of armed robbery, six counts of armed kidnaping, two counts of carjacking, armed burglary of a dwelling, burglary of a conveyance, and obstruction of an officer without violence, the witness' brief reference to a small package of marijuana found in the vehicle in which McDonald was hiding did not contribute to the verdict. Any error in trial counsel's failure to object to the mention of the marijuana was harmless. The state court reasonably concluded that McDonald was not prejudiced by counsel's failure to object.

Accordingly, the state court's decision was not contrary to, nor an unreasonable application of, Supreme Court precedent and must be given deference. Ground five does not warrant habeas corpus relief.

## GROUND SIX

McDonald complains of the cumulative effect of counsel's alleged errors. The state postconviction court reasonably concluded that because McDonald did not establish ineffectiveness on any of the grounds in his motion, McDonald could not obtain relief on a cumulative error theory. Because McDonald has failed to establish that the violations he alleges were indeed errors, they cannot support a cumulative error claim. *See United States v. Murray*, 2005 WL 3046549, *4 (11th Cir. Sept. 27, 2005) (unpublished). *See also, Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987)(petitioner could not obtain habeas relief through aggregation of individual meritless claims he had averred; twenty times zero is zero); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998)("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."), *cert. denied*, 526 U.S. 1025 (1999). Moreover, the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief. Thus, it cannot be said that the judgment of the Florida courts is contrary to any Supreme Court decision so as to warrant relief under the AEDPA. Ground six does not warrant habeas relief.

Accordingly, the Court orders:

That McDonald's petition is denied. The Clerk is directed to enter judgment against McDonald and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 30, 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Antwon Jerman McDonald